```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


LUIS D. DE LA CUZ-FLORES,      :
                               :    Civil Action No. 09-4450 (NLH)
          Petitioner,          :
                               :
     v.                        :    MEMORANDUM OPINION
                               :
UNKNOWN,                       :
                               :
          Respondent.          :
```

**APPEARANCES:**

Petitioner pro se
Luis D. De La Cruz-Flores
F.C.I. Fort Dix, Bldg 5812
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Petitioner Luis D. De La Cruz-Flores, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to proceed in forma pauperis, without prepayment of fees or security, asserting a claim for declaration of derivative citizenship, and invoking habeas jurisdiction pursuant to 28 U.S.C. § 2241.[1]

Petitioner is confined pursuant to his conviction in the U.S. District Court for the District of Massachusetts of various

---

[1] Petitioner also invokes 8 U.S.C. § 1252, Reviews of Final Orders of Removal. Petitioner does not allege that he is in removal proceedings or that any final order of removal has been entered against him. In any event, under 8 U.S.C. § 1252(b), jurisdiction to review final orders of removal lies exclusively in the U.S. Courts of Appeals.

drug-related offenses and his sentence of 240 months imprisonment, imposed on February 14, 2006.  See United States v. De La Cruz, Criminal No. 01-10118 (D. Mass.).

Petitioner was born in the Dominican Republic and came to the United States as a minor, with his mother.  He alleges that he acquired derivative citizenship when his mother was naturalized in 1999.  He alleges further that the U.S. Bureau of Prisons has erroneously classified him as an alien, rendering him ineligible for certain programs.

Petitioner has submitted a letter request to proceed in forma pauperis, but has not provided any information regarding his assets, liabilities, or institutional account.  See Local Civil Rule 81.2; 28 U.S.C. § 1915.

To invoke habeas corpus review by a federal court, a federal prisoner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  As Petitioner is not in custody pursuant to any immigration proceeding, does not challenge the legality of his custody, and a decision in his

favor would not lead to immediate or earlier release, Petitioner's citizenship claim is not properly brought in habeas.

Instead, Petitioner may proceed only by submitting an action for declaratory relief, pursuant to 8 U.S.C. § 1503(a). Title 8 U.S.C. § 1503(a) provides, in pertinent part:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. ...

The Immigration and Nationality Act requires that a person asserting a claim of derivative citizenship initially apply to the Attorney General for a Certificate of Citizenship. See U.S. v. Breyer, 41 F.3d 884, 891-93 (3d Cir. 1994); 8 U.S.C. § 1452; 8 C.F.R. § 341.1-.7 (1994). Only if such an applicant is denied a Certificate of Citizenship may he or she then initiate a declaratory judgment action in federal court pursuant to 8 U.S.C. § 1503(a). Breyer, 41 F.3d at 891. Accordingly, Petitioner may proceed with this claim only by initiating a civil action for declaratory relief.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

4

Petitioner may not have known when he submitted his Petition that he must proceed by civil action for declaratory judgment, that he must pay the civil action filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Petitioner failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

<u>CONCLUSION</u>

For the reasons set forth above, Petitioner's application for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without assessing a filing fee.  Petitioner will be granted leave to move to re-open within 30 days.

An appropriate Order will be entered.


At Camden, New Jersey             /s/ NOEL L. HILLMAN
                                  Noel L. Hillman
                                  United States District Judge

Dated: September 2, 2009